**06 CV 4780**

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSE SAIA

                      Plaintiff,                    <u>COMPLAINT</u>

      -against-

CIGNA LIFE INSURANCE COMPANY
OF NEW YORK,

                      Defendant.
------------------------------------------------------------X

        Plaintiff Rose Saia, by her attorneys Riemer & Associates LLC, complaining of defendant, alleges:

        1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

        2.      This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

        3.      Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Goldman Sachs Group, Incorporated, Long Term Disability Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, CIGNA Life Insurance Company of New York ("CIGNA") is and has been the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are funded by Group Policy No. NYK 30017 issued by CIGNA.

8. Plaintiff was employed as a Financial Analyst at Goldman Sachs.

9. As an employee of Goldman Sachs, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On June 9, 2002, plaintiff was rendered totally disabled within the meaning of the Plan as a result of blindness in her left eye and a severe cataract in her right eye.

11. Benefits were paid under the Plan from December 10, 2002, through March 9, 2005, but then benefits were discontinued by CIGNA.

12. Plaintiff appealed CIGNA's discontinuation.

13. By letter dated March 9, 2006, CIGNA denied plaintiff's final appeal.

14. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

15. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 66.67% of the first $4,500.00 per month of pre-disability earnings, plus 40% of the remainder of monthly pre-disability earnings.

16. The terms of the Plan do not delegate to CIGNA discretionary authority to interpret the terms of the Plan or to determine eligibility for benefits.

17. From June 9, 2002, plaintiff has been totally disabled within the meaning of the Plan.

18. From June 9, 2002, plaintiff has not worked and has had no earnings.

19. CIGNA's determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

20. Upon information and belief, CIGNA has a conflict of interest.

21. Upon information and belief, CIGNA's determination of plaintiff's claim for benefits was affected by its conflict of interest.

22. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

23. Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 above.

24. By reason of CIGNA's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against CIGNA:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
June 20, 2006

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

By: _____
Scott M. Riemer (SR5005)